IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| G. SHANNON J.R. McCOLOR, | ) | CASE NO. 4:18-cv-00168 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| WARDEN BRIGHAM SLOAN, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

Petitioner G. Shannon J.R. McColor ("McColor") brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Doc. 1. His federal habeas petition is deemed filed on January 17, 2018, the date he placed it in the prison mailing system.[1] Doc. 1, p. 14 (hereinafter referred to as "Petition"). McColor challenges his December 17, 2015, conviction and sentence rendered in Mahoning County Common Pleas Court Case No. 2015 CR 00195, *State v. G. Shannon J.R. McColor*. Doc. 1; Doc. 7-1, pp. 21-22.

On March 5, 2015, a Mahoning County, Ohio grand jury indicted McColor on two counts of aggravated robbery with firearm specifications. Doc. 7-1, pp. 3-4. On December 11, 2015, McColor pleaded guilty to one count of aggravated robbery with an attached firearm specification.[2] Doc. 7-1, pp. 13-20. On December 17, 2015, the trial court sentenced McColor to an eight-year aggregate prison sentence: five years for the aggravated robbery to be served consecutive to the three-year firearm specification. Doc. 7-1, pp. 21-22.

---

[1] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack,* 487 U.S. 266, 273 (1988)). McColor's Petition was docketed in this Court on January 22, 2018. Doc. 1.

[2] The other count had previously been dismissed. Doc. 7-1, p. 13.

1

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2. On July 12, 2018, Respondent filed an Answer/Return of Writ. Doc. 7. McColor has not filed a Traverse. For the reasons set forth herein, the undersigned recommends that the Court **DENY and/or DISMISS** McColor's Petition. Doc. 1.

## I. Factual Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008).

The Seventh District Court of Appeals summarized facts underlying McColor's conviction and sentence as follows:

> {¶ 3} The grand jury indicted McColor on two counts of aggravated robbery, R.C. 2913.01(A)(1)(C), first-degree felonies, each with attached firearm specifications, R.C. 2941.145(A). McColor was accused of robbing Huntington Bank and Austintown Video while armed with a firearm.
>
> {¶ 4} McColor was arraigned, pled not guilty and counsel was appointed. The State moved to dismiss count one of the indictment, without prejudice, because McColor had been federally indicted for the Huntington Bank robbery; the trial court granted the motion.
>
> {¶ 5} McColor entered into a Crim.R. 11 plea agreement with the State, agreeing to plead guilty to aggravated robbery with an attached firearm specification. In exchange, the State agreed to recommend an eight-year aggregate prison sentence: five years for the aggravated robbery consecutive to the three-year firearm specification. The State also agreed to recommend that the eight-year sentence run concurrently to any sentence imposed in the federal case and another pending Mahoning County case.
>
> {¶ 6} A plea hearing was held on both state court cases. The trial court engaged in a colloquy with McColor concerning the rights he would give up by pleading guilty and accepted McColor's plea as knowingly, voluntarily and intelligently made and the matter was continued for sentencing. The parties agreed that due to the joint

recommendation for prison and the mandatory prison time required for the firearm specification, that they were waiving the right to have a pre-sentence investigation prepared.

{¶ 7} During sentencing, the State and defense counsel both advocated for the jointly-recommended sentence. The trial court asked McColor whether he wanted to address the court prior to sentencing and McColor made a brief statement of apology.

{¶ 8} After considering the record, statements made at sentencing, the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, the trial court proceeded to sentence McColor to the jointly-recommended eight-year aggregate prison sentence: five years for the aggravated robbery to be served consecutive to the three-year firearm specification. The court ordered the eight-year sentence to run concurrently with the sentence imposed in the other state and federal cases. The trial court ordered jail-time credit of 304 days for time already served, plus additional time awaiting conveyance to prison. The trial court imposed five years of mandatory post-release control. Finally, the trial court ordered McColor "to pay court costs in an amount to be determined," and stated that failure to pay court costs could result in the imposition of community service. McColor filed a pro-se motion for delayed appeal which was granted and appellate counsel appointed.

*State v. McColor*, 2017 WL 3980557, * 1 (Ohio App. Ct. Sept. 7, 2017); Doc. 7-1, pp. 67-68.

## II. Procedural Background

### A. State court conviction

On March 5, 2015, a Mahoning County, Ohio grand jury indicted McColor on two first-degree felony counts of aggravated robbery in violation of O.R.C. § 2911.01(A)(1)(C), each with firearm specifications in violation O.R.C. § 2941.145(A). Doc. 7-1, pp. 3-4. Count One related to a robbery at a Huntington Bank and Count Two related to a robbery at Austintown Video. Doc. 7-1, pp. 3-4, 67. McColor pleaded not guilty to the indictment. Doc. 7-1, p. 5. Before trial, the State filed a motion to dismiss Count One without prejudice because McColor had been indicted in federal court in connection with the Huntington Bank robbery. Doc. 7-1, pp. 6-11, 67. On July 24, 2015, the trial court granted the State's motion and dismissed Count One and the

3

attached firearm specification without prejudice. Doc. 7-1, p. 12. The case proceeded on Count Two with the attached firearm specification. *Id.*

On December 9, 2015, with the assistance of legal counsel, McColor pleaded guilty to Count Two – the remaining aggravated robbery with firearm specification charge. Doc. 7-1, pp. 13-19. In pleading guilty, McColor signed a Plea of Guilty pursuant to Crim.R.11(F) form. Doc. 7-1, pp. 13-19. As part of the plea agreement, the State agreed to recommend five years on Count One consecutive to three years on the firearm specification for a total of eight years, concurrent with Mahoning County Common Pleas Court Case No. 14 CR 1125 and federal Case No. 4:15-cv-253. Doc. 7-1, p. 15. In the plea form, McColor acknowledged that he was not eligible for the imposition of a community control sanction at the time of sentencing. Doc. 7-1, p. 17. The trial court accepted McColor's plea and scheduled sentencing for December 14, 2015. Doc. 7-1, p. 20. In December 2015, pursuant to the jointly recommended sentence, the trial court sentenced McColor to a sentence of five years in prison, with a three-year prison sentence on the firearm specification, to be served prior to and consecutive with the five-year sentence for a total of eight years. Doc. 7-1, pp. 21-22. The trial court ordered the eight-year sentence to be served concurrent with his sentences in Mahoning County Common Pleas Court Case No. 14 CR 1125 and federal Case No. 4:15-cv-253. Doc. 7-1, pp. 21-22. The judgment entry of sentence was docketed on December 17, 2015. Doc. 7-1, pp. 21-22.

**B. Delayed direct appeal**

On May 4, 2016, McColor filed an untimely pro se notice of appeal (Doc. 7-1, pp. 23-24); a motion for leave to file delayed appeal (Doc. 7-1, pp. 25-33); and a motion to appoint counsel (Doc. 7-1, pp. 34-35) in the Seventh District Court of Appeals. On June 9, 2016, the

court of appeals granted McColor's motion for delayed appeal and appointed him counsel to assist with the appeal. Doc. 7-1, p. 36.

McColor's appellate attorney filed a motion for leave to withdraw and an *Anders* brief (Doc. 7-1, pp. 37-42) wherein he stated that he had "conducted a conscientious examination of the record and ha[d]concluded that [the] appeal [was] frivolous and that there [was] no assignment of error which could be arguably supported on appeal." (Doc. 7-1, p. 41). In accordance with *Anders v. California*, 386 U.S. 738, 744 (1967), McColor's appellate attorney identified parts of the record that potentially contained the following errors:

1. The court accepted McColor's plea and sentenced him; however the court did not technically make a finding of guilt. (Plea Hrg. Tr. 13; Dec 11, 2015, Judm. Entry; Dec. 17, 2015, Judm. Entry of Sentence).

2. The court did not explicitly consider McColor's present and future ability to pay before imposing court costs. (Senten. Hrg. Tr. 9-13; Dec. 17, 2015, Judm. Entry of Sentence).

Doc. 7-1, pp. 37-42. The state appellate court notified McColor of his appellate attorney's no merit brief and motion to withdraw (Doc. 7-1, p. 43) and provided McColor an opportunity to file his own pro se brief setting forth additional potential claims of error. Doc. 7-1, p. 43. McColor subsequently filed a pro se appellate merit brief (Doc. 7-1, pp. 44-53), identifying the following errors:

1. The court committed prejudicial error by not determining if Appellant was in fact indigent and could not afford to pay court costs.

2. The Appellant is denied his fundamental right to liberty where the common pleas court has not rendered a finding of guilt, a procedure that violates the 5th, 6th, 14th Amendments of the United States Constitution.

3. The Appellant's right to redress in the court of law is denied, where as here he is forced to file his direct appeal without transcript of his plea, and sentencing hearings because he can't afford the cost of transcripts.

4. The Appellant is denied his fundamental right to pro se representation, where though allowed to proceed in pro se on his only appeal of right, he is denied meaningful self-representation, where as here he is denied plea and sentencing transcripts needed to research all possible federal constitutional violations.

5. McColor was denied right to trial counsel, when my attorney waived my right to presentence sentence investigation, where the judge could have sentenced the Appellant to community control.

Doc. 7-1, pp. 48-52. The state filed its appellate brief on October 13, 2016. Doc. 7-1, pp. 54-65. On September 7, 2017, the state appellate court issued its opinion. Doc. 7-1, pp. 66-77. The court found that "[a]ll of McColor's pro-se assignments of error are meritless and there are no additional non-frivolous appealable issues." Doc. 7-1, p. 67, ¶ 2. Therefore, the court of appeals affirmed the judgment of the trial court and granted the motion to withdraw filed by McColor's appellate attorney. *Id.*

### C. Ohio Supreme Court Delayed Appeal

On October 30, 2017, McColor filed with the Supreme Court of Ohio an untimely *pro se* notice of appeal (Doc. 7-1, pp. 78-79) and a motion for delayed appeal (Doc. 7-1, pp. 80-98), seeking to raise five propositions of law mirroring the pro se assignments of error that McColor raised in the state court of appeals. As good cause for his late filing, McColor asserted that he had placed his memorandum in support of jurisdiction in the prison mail system on or about October 7, 2017, but that it was not mailed and was returned to him on October 20, 2017, leaving him without enough time to timely file his memorandum in support of jurisdiction. Doc. 7-1, p. 81. On December 20, 2017, the Supreme Court of denied McColor's motion for delayed appeal and dismissed the case. Doc. 7-1, p. 99.

### D. Federal Habeas Corpus

McColor raises the following six grounds for relief in his Petition:

6

>**GROUND ONE:** The Seventh District Court of Appeals violated the petitioner's right to appellate counsel in violation of his Sixth Amendment right to counsel where that court denied his motion for the appointment of appellate counsel.
>
>**GROUND TWO:** The court below committed prejudicial error by not determining if petitioner was in fact indigent and could not afford to pay court costs.
>
>**GROUND THREE:** Mr. McColor is denied his fundamental right to liberty where as here the common pleas court has not rendered a finding of guilt, a procedure that violates the 5th, 6th, 14th Amendments of the United States Constitution.
>
>**GROUND FOUR:** The petitioner'[s] right to redress in the court of law is denied, where as here he is forced to file his direct appeal without transcript of his plea, and sentencing hearings because he can't afford the cost of transcripts.
>
>**GROUND FIVE:** The petitioner's denied his fundamental right to pro se representation, where though allowed to proceed in pro se on his only appeal of right, he is denied meaningful self-representation, where as here he is denied plea and his sentencing transcripts needed to research all possible federal constitutional violations.
>
>**GROUND SIX:** McColor was denied right to trial counsel, when my attorney waived my right to presentence sentence investigation, where the judge could have sentenced the petitioner to community control.

Doc. 1, pp. 15-20.

### III. Law & Analysis

#### A. Standard of review under AEDPA

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the AEDPA. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). In particular, the controlling AEDPA provision states:

>(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

7

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* at 599-600 (quoting *Williams*, 529 U.S. at 413). "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The state court's application of clearly established law must be objectively unreasonable." *Id.*

In order to obtain federal habeas corpus relief, a petitioner must establish that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Richter*, 131 S. Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). In short, "[a] state court's determination that a claim

lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The petitioner carries the burden of proof. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

### B. Exhaustion and procedural default

A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)) ("[f]ederal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts"). In order to satisfy the fair presentation requirement, a habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts.[3] *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). This means that the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law. *See, e.g.*, *Franklin v. Rose*, 811 F.2d 322, 324-325 (6th Cir. 1987); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987). Further, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation

---

[3] In determining whether a petitioner presented his claim in such a way as to alert the state courts to its federal nature, a federal habeas court should consider whether the petitioner: (1) relied on federal cases employing constitutional analysis; (2) relied on state cases employing constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law. *McMeans,* 228 F.3d at 681.

requirement.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

Additionally, a petitioner must meet certain procedural requirements in order to have his claims reviewed in federal court.  *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 430 (6th Cir. 2006).  "Procedural barriers, such as . . . rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  *Daniels v. United States*, 532 U.S. 374, 381 (2001).  Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).  Failure to exhaust applies where state remedies are "still available at the time of the federal petition."  *Id.* at 806 (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)).  In contrast, where state court remedies are no longer available, procedural default rather than exhaustion applies.  *Williams*, 460 F.3d at 806.

Procedural default may occur in two ways.  *Williams*, 460 F.3d at 806.  First, a petitioner procedurally defaults a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court."[4]  *Id.*  Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'"  *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)); *see also  Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D.Ohio 2003)

---

[4] In *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to a petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *See also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."); *see also State v. Moreland*, 50 Ohio St.3d 58, 62 (1990)(failure to present a claim to a state court of appeals constituted a waiver). "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Williams*, 460 F.3d at 806. While the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, see *Coleman v. Thompson,* 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review. *Williams,* 460 F.3d at 806.

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered. *Coleman*, 501 U.S. at 750. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot be fairly attributed to him." *Id.* at 753. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

### C. Ground One should be DENIED and/or DISMISSED

In Ground One, McColor contends that the state court of appeals violated his Sixth Amendment right to counsel when the court denied his motion for appointment of counsel. Doc. 1, p. 15. McColor's claim that the state court of appeals denied his motion for appointment of

11

counsel is factually inaccurate. When seeking leave to file a delayed appeal, McColor filed a motion for appointment of counsel. Doc. 7-1, pp. 34-35. Along with granting McColor leave to file a delayed appeal, the Seventh District Court of Appeals granted McColor's motion for appointment of appellate counsel. Doc. 701, p. 36. In light of the foregoing, the undersigned recommends that the Court DENY Ground One.

Alternatively, the undersigned recommends that the Court DENY Ground One as procedurally defaulted. In his Petition, McColor asserts that Ground One was appealed to the Supreme Court of Ohio. Doc. 1, p. 15. However, McColor missed the deadline for filing a timely appeal with the Supreme Court of Ohio and his motion for delayed appeal was then denied by the Supreme Court of Ohio. Doc. 7-1, pp. 80-99. "Applicable Ohio court rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits." *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004). And such a denial is "an adequate procedural ground to foreclose federal habeas review." *Smith v. Sheldon*, 2018 WL 5795525, * 5 (N.D. Ohio July 26, 2018), *report and recommended adopted by*, 2018 WL 4346577 (N.D. Ohio Sept. 12, 2018); *see also Williams*, 460 F.3d at 806 ("[A] petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'") (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)); *see also Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D.Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."); *see also State v. Moreland*, 50 Ohio St.3d 58, 62 (1990)(failure to present a claim to a state court of appeals constituted a waiver). Considering the foregoing, Ground One is subject to dismissal unless McColor can overcome the procedural default.

In order to overcome the procedural default of Ground One, McColor must establish cause and prejudice to excuse his procedural default or demonstrate that a fundamental miscarriage of justice will occur if his ground for relief is not considered on federal habeas review. McColor has not filed a Traverse and has presented no argument as to why his procedural default should be excused. Accordingly, the undersigned recommends that the Court find no basis upon which to excuse McColor's procedural default and DISMISS Ground One.

Even if the Court were to consider the reason asserted in McColor's motion for delayed appeal for not filing a timely appeal, i.e., problems with the prison mail system (Doc. 7-1, p. 81), the Court should not excuse the procedural default. In McColor's "good cause for filing late appeal" statement that he submitted with his motion for delayed appeal, McColor indicated that he placed his memorandum in support of jurisdiction in the prison mail system on or about October 7, 2017, but it was returned to him by the mail room on October 20, 2017. Doc. 7-1, p. 81. McColor's "good cause" statement does not demonstrate that the mail was returned for a reason outside of his control. For example, his mail could have been returned due to insufficient postage or some other reason that was not external to him. Additionally, unlike in federal pro se proceedings, "there is no 'prison mailbox rule' in Ohio." *Smith*, 2018 WL 5795525, * 5. "The Ohio Supreme Court has expressly rejected [the prison mailbox rule.]" *Id.* (citing *State ex rel. Tyler v. Alexander*, 52 Ohio St.3d 84, 85 (1990)). As such, a pro se prisoner's filings in Ohio are not considered filed until they are received by the court. *Id.* Considering the foregoing, any attempt by McColor to argue that his procedural default should be excused because of problems with the prison mail system should be rejected.

Additionally, to the extent that McColor would attempt to argue that cause for his procedural default was ineffective assistance of appellate counsel, that argument should fail

13

because he represented himself in his appeal to the Supreme Court of Ohio. Additionally, "[t]here can be a constitutional claim of ineffective assistance of counsel only at a stage of the proceedings when there is a right to counsel under the Sixth Amendment." *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 433 (6th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)). And it is clear that "a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction . . . ." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (citing *Wainwright v. Torna*, 455 U.S. 586 (1982) and *Ross v. Moffitt*, 417 U.S. 600 (1974)); *see also Garrett*, 2007 WL 315093, \* 5; *see also Espinal v. Warden, Noble Corr. Inst.*, 2007 WL 1288175, \* 10 (S.D. Ohio May 1, 2007).

Finally, to the extent that McColor would attempt to argue that his procedural default should be excused based on a claim of actual innocence, considering McColor's unchallenged guilty plea, the Court should reject any such claim.

Based on the foregoing, the undersigned recommends that the Court DENY Ground One because there is no factual basis for the claim asserted therein. Alternatively, for the reasons set forth herein, the undersigned recommends that the Court DISMISS Ground One as procedurally defaulted.

### D. Grounds Two through Six should be DISMISSED

In Grounds Two through Six, McColor raises the five claims that he attempted to raise as assignments of error in his pro se delayed appeal before the Seventh District Court of Appeals. As discussed above, McColor did not file a timely appeal to the Supreme Court of Ohio and the Supreme Court of Ohio denied his motion for delayed appeal. Accordingly, for the reasons set forth above with respect to Ground One, the undersigned finds that McColor procedurally defaulted Grounds Two through Six by failing to timely file an appeal with the Supreme Court of

Ohio from the Seventh District Court of Appeals' September 7, 2017, decision. Furthermore, for the reasons set forth above, the undersigned finds no basis upon which to excuse the procedural default of Grounds Two through Six. Accordingly, the undersigned recommends that the Court DISMISS Grounds Two through Six as procedurally defaulted.

### IV. Recommendation

For the reasons stated above, the undersigned recommends that the Court DENY and/or DISMISS McColor's Petition (Doc. 1).[5]

Dated: August 28, 2019

*/s/ Kathleen B. Burke*
Kathleen B. Burke
United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

[5] Respondent has also argued that McColor's Petition should be denied or dismissed for additional reasons, including that the grounds for relief are without merit and/or not cognizable on federal habeas review. Considering the bases for denial and/or dismissal set forth herein, it is not necessary to address those additional arguments.

15